UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.:

ILENE DORFMAN

      Plaintiff,

vs.

INTER STATE SECURITY, CORP.

      Defendant.

_____/

## COMPLAINT

COMES NOW the Plaintiff, ILENE DORFMAN (hereinafter referred to as "Plaintiff"), by and through his undersigned counsel, sues the Defendant, INTER STATE SECURITY, CORP. (hereinafter referred to as "Defendant"), and alleges the following:

### PARTIES, JURISDICTION, AND VENUE

1.     This is a civil action for a violation of the Family Medical Leave Act, 29 U.S.C.S. §§ 2601-2654.

2.     Plaintiff is a female who resides in Miami-Dade County, Florida. At all material times herein, Plaintiff had worked for Defendant for at least 1250 hours.

3.     INTER STATE SECURITY, CORP. is a Florida Corporation. Defendant conducts substantial business in the State of Florida. Defendant has fifty (50) employees within a seventy-five (75) mile radius from where Plaintiff was employed.

4.     This Court has jurisdiction over this matter pursuant to 28 USC § 1331 and 28 U.S.C. § 1367.

5.     Venue lies within the Southern District of Florida, Miami-Dade County, pursuant to 28 USC §§ 1391 (b) and (c), because all actions relevant to Plaintiff's claims arose in this Judicial Circuit.

1

6.      Plaintiff worked as a security officer/dispatcher for defendant since November 15, 1995.  Plaintiff was assigned to the Sandpiper Condominium, where she manned the gatehouse, and answered the telephone.  Plaintiff also was a dispatcher for the company and contacted clients.

7.      On February 16, 2021, due to various medical conditions, including Impetigo, Shingles, and Epstein Barr virus, Plaintiff required a medical leave of absence.

8.      Plaintiff was entitled, and Defendant authorized Plaintiff to take FMLA leave.

9.      Plaintiff was authorized to return to work after 12 weeks.

10.     In fact, Plaintiff's doctor informed Defendant on May 6, 2021, that Plaintiff could return to work on May 17, 2021.

11.     Plaintiff asked her employer to place her back on the schedule.

12.     Instead of allowing her to return to work, Defendant effectively terminated Plaintiff from her employment.

13.     All conditions precedent to this lawsuit have been satisfied.

**FMLA RETALIATION**

14.     Plaintiff hereby incorporates paragraphs 1 through 13 as if fully set herein.

15.     Plaintiff was qualified for the position as a security office/dispatcher given she had worked for Defendant in that capacity for 25 years.

16.     Plaintiff engaged in statutory protected activity in that she sought FMLA leave in order to obtain treatment for a medical condition.

17.     Defendant authorized Plaintiff to take 12 weeks of FMLA leave.

18.     After the 12 weeks, Plaintiff's doctor authorized Plaintiff to return to work.

19.     Plaintiff asked Defendant to place her back in the same position she had prior to her approved FMLA leave.

20.    Defendant terminated Plaintiff from her position because she utilized FMLA leave to attend to a medical condition for 12 weeks.

21.    Plaintiff suffered damages as a result of the retaliation. Plaintiff took FMLA leave starting February 16, 2021. Plaintiff requested to come back to work on May 17, 2021.  Instead of allowing her to come back to work, Defendant terminated Plaintiff.  Thus, there is a causal connection between Plaintiff's FMLA leave, and her termination.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, ILENE DORFMAN, demands an award of:

a.  Back Pay;

b.  Front Pay;

c.  Lost benefits;

d.  Reinstatement;

e.  Liquidated damages;

f.  Prejudgment Interest;

g.  Attorneys' Fees and Costs.

## JURY TRIAL DEMANDED

ILENE DORFMAN requests a jury trial on all questions of fact raised by this Complaint.

September 27, 2021                                        Respectfully submitted,

                                                         **SOLNICK LAW P.A.**
                                                         Attorney for Plaintiff
                                                         17501 Biscayne Boulevard, Suite 420
                                                         North Miami Beach, Florida 33160
                                                         Tel: 786-629-6530
                                                         Email: pete@solnicklaw.com

                                                              /s/ *Peter J. Solnick, Esq.*
                                                         By: _____

Peter J. Solnick, Esq.
Fla. Bar. 670006